JOHN FOSTER & another vs. BENJAMIN THURSTON.

No recovery can be had for liquors sold in this commonwealth, the vendor knowing that they were to be retailed here contrary to St. 1852, c. 322, and also contriving to aid the purchaser so to retail the liquors as to evade the penalties of that statute.

THIS was an action of contract to recover the price of one cask of Otard brandy. At the trial in the court of common pleas, before *Wells*, C. J. the plaintiffs' book-keeper Justus H. Smith, testified that the defendant and Charles H. Mitchell called at their store, and the defendant stated that he was the keeper of a public-house in Lowell; that he wanted to buy liquors to sell in the house; that he employed Mitchell to sell the liquors, and Mitchell sold them for him, that the business was done in Mitchell's name, because he, Thurston, did not wish to be liable to a prosecution for selling in his own name. For his responsibility he gave a reference. The witness could not give the exact words, but the goods were to be sold to Mitchell, and charged to Thurston.

The evidence tended to prove that the brandy was sold with the knowledge on the part of the plaintiffs that it was to be retailed in violation of the laws of the commonwealth, and the defendant proposed to show that the contract made between the parties was arranged with the intention and design

Foster & another *v.* Thurston.

of having the said brandy sold contrary to the laws aforesaid, and in a manner to enable the retailer to escape a prosecution for the illegal selling of the same. But the judge ruled that such a proceeding between the parties was no defence to the action, and prohibited the proposed examination. The verdict was for the plaintiffs. To this ruling the defendant excepted. The case was argued and determined at the sittings in Boston, in January, 1854.

*J. G. Abbott,* for the defendant.

*B. Dean,* for the plaintiffs

BIGELOW, J. This case clearly comes within the principle laid down in *White* v. *Buss,* 3 Cush. 448. The evidence offered by the defendant tended to prove not only that the plaintiffs knew that the liquors sold by them were to be used in violation of the laws of the commonwealth, but that they entered into an arrangement by which the defendant was to be aided by them in his efforts to evade the penalties imposed by statute for the unlawful sale of spirituous liquors. If these facts were true, it was a contract entered into by the plaintiffs with the intent of advancing and carrying into effect an unlawful purpose. They cannot therefore maintain an action upon it. The well-settled principle of law is, that no one knowingly participating in a transaction intended to accomplish a purpose forbidden by law, can bring an action for any cause directly connected with that illegality. The unconscientious nature of the defence is not a valid answer to it. It is allowed, not out of consideration or favor to a guilty par ticipator, but from motives of public policy. In addition to the authorities bearing on this question which are cited in *White* v. *Buss,* the cases of *Langton* v. *Hughes,* 1 M. & S. 593; *Quarrier* v. *Colston,* 1 Phillips, 151; and *Ritchie* v. *Smith,* 6 Man. Grang. & Scott, 462, are in point.

The cases of *Johnson* v. *Hudson,* 11 East, 180, and *Hodgson* v. *Temple,* 5 Taunt. 181, although not expressly overruled, are not supported by the more recent English authorities. They cannot now be considered as sound law. See Lloyd & Welsby's Rep. 96, note. *Exceptions sustained.*